## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BRYAN C. DONOHUE, M.D., P.C. d/b/a DONOHUE CARDIOLOGY ASSOCIATES, | ) ) ) |
| Defendant. | ) ) |

CIVIL ACTION NO.

C O M P L A I N T

JURY TRIAL DEMAND

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and retaliation to provide appropriate relief to Charging Party Moncel Deitz and other similarly situated individuals who were adversely affected by such practices. As alleged with greater particularity in paragraphs 7(a) to (h) below, the Commission alleges that Defendant subjected Ms. Deitz and other employees to a sexually hostile work environment and that although they made clear to Defendant's owners/shareholders and management about this sexually hostile work environment, Defendant failed to take prompt or effective actions to address the situation. In addition, the Commission alleges that Defendant retaliated against Ms. Deitz when it discharged her for her complaints. As a result of the sexual harassment and retaliation, Ms. Deitz and other employees have suffered mental and emotional distress, and have lost earnings.

1

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant, Bryan C. Donohue, M.D., P.C. d/b/a Donohue Cardiology Associates ("Defendant Employer"), has continuously been a Pennsylvania corporation doing business in the State of Pennsylvania and the City of Washington, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

2

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Ms. Deitz filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least January, 2003, Defendant Employer has engaged in unlawful employment practices at a variety of its Western Pennsylvania locations, in violation of 703(a)(1) and 704(a) of Title VII, 42 U.S.C.§ 2000e-2(a)(1). These unlawful practices include, but are not limited to, the following:

a.     Defendant Employer operates a cardiology medical practice, with offices in Washington, PA, Pittsburgh, PA, McMurray, PA, Monroeville, PA, and Frederick, PA. Its associated doctors provide medical consultations and services in several hospitals, including Washington Hospital, UPMC Shadyside, Canonsburg Hospital, and Indiana Regional Hospital.

b.     Defendant Employer's physician employees are or were owners and/or shareholders and/or officers of the corporation. The physician employees at the relevant period of time were Bryan C. Donohue, Christopher C. Allen, Sanjaya N. Saheta, John F. Pensock, and Kirk Musselman.

c.     Commencing on or about March 1, 2007, and continuing through December 30, 2008, Defendant Employer created, tolerated, and condoned a work environment that was hostile to Ms. Deitz and other employees because of their sex.

d.     The sexually hostile work environment was created by the words and actions of its doctors, including Donohue, Allen and Saheta. Ms. Deitz and other employees were subjected to a hostile work environment which consisted of comments

3

that were demeaning, sexually offensive, rude, and derogatory, based on their gender. The doctors also engaged in other offensive conduct, including but not limited to intentionally undressing in front of female employees and exhibiting sexually explicit photographs and electronic messages on their cell phones. Their conduct was directed toward Defendant's employees and patients as well as third-party health professional staff.

      e.    Ms. Deitz and other employees objected to the doctors' language and actions. They informed the doctors that the conduct was offensive and unwelcome. They complained about the illegal conduct to co-workers, supervisors, managers, and the offending doctors as well as other owner/shareholders.

      f.    Defendant Employer's owners, shareholders, officers, and managers had notice of the hostile work environment, but failed to take timely or appropriate action in response thereto.

      g.    On or about January 14, 2008, Dr. Donohue discharged Ms. Deitz after she challenged him about his role in the untenable work atmosphere.

      h.    Ms. Deitz and other employees were negatively impacted by the hostile work environment.

      8.    The effect of the practices complained of in paragraph 7(a) through (h) above has been to deprive employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex.

      9.    The unlawful employment practices complained of in paragraph 7(a) through (h) above were intentional.

      10.    The unlawful employment practices complained of in paragraph 7(a)

4

through (h) above were done with malice or with reckless indifference to the federally protected rights of Ms. Deitz and other female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in the creation of a sexually hostile environment.

B.     Grant a permanent injunction enjoining Defendant Employer, its owners, shareholders, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation against any individual who opposed any practice made an unlawful employment practice by this subchapter, or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing regarding any matter prohibited by Title VII.

C.     Order Defendant Employer to make whole Ms. Deitz by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.     Order Defendant Employer to make whole Ms. Deitz and other affected employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7(a) through (h) above, such as relocation expenses, job search expenses, medical expenses and other expenses incurred by Ms. Deitz and other affected employees, which were reasonably incurred as a result of Defendant's conduct, in amounts to be determined at trial.

5

E.      Order Defendant Employer to make whole Ms. Deitz and/or other affected employees, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7(a) through (h) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant Employer to pay Ms. Deitz and other affected employees punitive damages for its malicious and reckless conduct described in paragraph 7(a) through (h) above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**For: EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

DEBRA M. LAWRENCE
ACTING REGIONAL ATTORNEY

M. JEAN CLICKNER
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 42738
Pittsburgh Area Office, Suite 1112
1000 Liberty Avenue
Pittsburgh, PA 15222
(412) 395-5843
(412) 395-5749 (facsimile)

7